The Honorable Tom Cooper Prosecuting Attorney Ninth West Judicial District Little River County Courthouse P.O. Box 214 Ashdown, Arkansas 71822
Dear Mr. Cooper:
This official Attorney General's opinion is issued in response to your recent questions regarding the use of county road funds.
You have described a scenario in which a part-time county employee spends approximately half of her time working as a "dispatch" for the road department, doing cost accounting, inventory control, maintenance scheduling, and coordinating road work assignment. A computer located in the same office is used to track the road department's inventory, expenditures and maintenance.
With regard to this scenario, you have asked:
 (1) Is it permissible to pay part of the above-described employee's salary out of the road fund, rather than out of the county general fund?
 (2) Is it permissible to pay the cost of the above-described computer out of the road fund, rather than out of the county general fund?
RESPONSE
Question 1 — Is it permissible to pay part of the above-describedemployee's salary out of the road fund, rather than out of the countygeneral fund?
I must note initially that it is unclear whether your question refers to the county's traditional road fund (authorized by Amendment 61 to the Arkansas Constitution, and by A.C.A. § 26-79-101 et seq.), or whether it refers to the county's State Aid Road Fund (authorized by A.C.A. §27-72-305 et seq.).
It is my opinion that if your question refers to the county's traditional road fund, and if it is possible to determine separately the cost of the above-described employee's duties relating to the opening, construction, and repair of roads in the road districts in the county, it is permissible to pay that portion of the employee's salary out of the county's traditional road fund. It is my opinion further that if your question refers to the county's State Aid Road Fund, and if it is possible to determine separately the cost of the above-described employee's duties relating to the construction, reconstruction, and improvement of roads in the state aid road system, it is permissible to pay that portion of the employee's salary out of the county's State Aid Road Fund.
Both the traditional county road fund and the State Aid Road Fund are restricted in the manner in which they can be used.
Under the provisions of Amendment 61, the traditional county road fund must be used "for the sole purpose of constructing and repairing public roads and bridges within the county wherein levied." Similarly, A.C.A. §26-79-105 requires that road tax revenues be used for "the opening, construction, and repair of roads in the road districts in the county. . . ." A.C.A. § 26-79-105(a).
The State Aid Road Fund must be used "exclusively for the construction, reconstruction, and improvements of roads on the state aid road system." A.C.A. § 27-72-312(a).
Although the use of the road funds to pay a portion of an employee's salary is not explicitly authorized by statute (as is the use of the road fund to pay part of the county judge's salary, see A.C.A. § 14-14-811), it is my opinion that the above-quoted restrictions on the use of both the traditional county road fund and the State Aid Road Fund are expressed in terms that are broad enough to encompass the payment of the cost of the employee whom you have described, to the extent that the service of that employee is related to the purposes expressly stated in those restrictions. Such a use of the funds would fall within the county's general power as described in Amendment 55 to the Arkansas Constitution, while not running afoul of the strictures established for the funds.
I therefore conclude that if it is possible to determine separately the cost of the employee's services that relate to "constructing and repairing public roads and bridges within the county," or to "the opening, construction, and repair of roads in the road districts in the county . . .," it is permissible for the county to pay that amount of the employee's salary from the county's traditional road fund, rather than from the county general fund.
Similarly, I conclude that if it is possible to determine separately the cost of the employee's services that relate to "the construction, reconstruction, and improvements of roads on the state aid road system," it is permissible for the county to pay that amount of the employee's salary from the State Aid Road Fund, rather than from the county general fund.
Question 2 — Is it permissible to pay the cost of the above-describedcomputer out of the road fund, rather than out of the county generalfund?
In accordance with my response to Question 1, it is my opinion that if it is possible to determine separately the costs attributable to the use of the above-described computer for purposes relating to the "constructing and repairing public roads and bridges within the county," or to "the opening, construction, and repair of roads in the road districts in the county . . .," it is permissible for the county to pay that portion of the cost of the computer from the county's traditional road fund, rather than from the county general fund.
Similarly, it is my opinion that if it is possible to determine separately the costs attributable to the use of the above-described computer for purposes relating to "the construction, reconstruction, and improvements of roads on the state aid road system," it is permissible for the county to pay that portion of the cost of the computer from the State Aid Road Fund, rather than from the county general fund.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh